IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE WADE | § | |
| (TDCJ No. 2177210), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1515-N-BN |
| | § | |
| CITY OF DALLAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action under 42 U.S.C. § 1983 filed by Plaintiff Willie Wade, now a Texas inmate, has been referred to the undersigned United States magistrate judge for case management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice as time-barred.

**Applicable Background**

Wade alleges that on April 12, 2015, while at the Dallas County jail, two Dallas police officers "kicked [him] in back of [his] right leg and shoved [him] face first to the ground while [he] was handcuffed and shackled. While on the ground officers placed their knees on [his] neck and upper back, then while still handcuffed one of them lifted [Wade's] arms up causing pain in [his] shoulders." Dkt. No. 3 at 4.

Wade first filed an action under Section 1983 concerning this alleged excessive force incident on April 12, 2017. *See Wade v. City of Dallas*, No. 3:17-cv-1017-N-BF

(N.D. Tex.). But, on July 21, 2017, the Court dismissed that lawsuit without prejudice under Federal Rule of Civil Procedure 41(b) for Wade's failure to prosecute. *See id.*, Dkt. Nos. 11, 12, & 13.

Here, Wade has been granted leave to proceed *in forma pauperis* ("IFP") under the Prison Litigation Reform Act. *See* Dkt. No. 5. And, after reviewing Wade's complaint, filed no sooner than June 5, 2018, the date he signed it, *see* Dkt. No. 3 at 5, the Court issued a questionnaire to notify Wade that this action was likely time-barred and to offer him an opportunity to explain why it should not be dismissed as such, for example, because the limitations period should be tolled, *see* Dkt. No. 6. But the verified responses Wade filed on July 13, 2017 offer no basis to toll the applicable limitations period. *See* Dkt. No. 7.

### Legal Standards and Analysis

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or instead detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

And, if "'it is clear from the face of a complaint ... that the claims asserted are

barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)).

Claims under Section 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is ... two years." (citations omitted)); *see also Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331 (5th Cir. 2014) (per curiam) ("[O]ur cases have consistently held that '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'" (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)).

And, while the applicable two-year limitations period for this action is borrowed from Texas law, courts "determine the accrual date of a § 1983 action by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or, expressed differently, when the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997); internal quotation marks omitted). And the United States Court of Appeals for the Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has

been injured.'" *Id.* (quoting *Piotrowski*, 237 F.3d at 576); *see also Shelby*, 577 F. App'x at 331-32 ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989))).

Wade's claim therefore accrued on April 12, 2015, making the deadline to file a Section 1983 action April 12, 2017 – the date that he filed his first lawsuit in this Court.

"While the filing of a lawsuit normally tolls the period of limitations, dismissal of the lawsuit for want of prosecution, even if the dismissal is without prejudice, leaves that plaintiff in the same position as if the lawsuit had never been filed." *Marrero v. Mosley*, No. 1:07cv119, 2007 WL 4436884, at *2 (E.D. Tex. Dec. 18, 2007) (citing *Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Hilbun v. Goldberg*, 823 F.2d 881 (5th Cir. 1987)).

In sum, then, this – Wade's second – lawsuit is time-barred. *See id.* ("As [Wade's] first lawsuit was dismissed for want of prosecution, the tolling of the period of limitation begun by the filing of the first lawsuit was annulled. Accordingly, the period of applications ran uninterrupted from the date of the incident complained of until the filing of the case now before the court. As the case now before the court was filed more than two years after incident, it is barred by the statute of limitation." (citation omitted)).

### Recommendation

The Court should dismiss this action with prejudice as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 16, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE